UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DIANE VANHORNE-PADILLA,**

      Plaintiff,

v.                                                   **Case No: 6:22-cv-1904-WWB-EJK**

**FLORIDA HOSPITAL MEDICAL
GROUP, INC.,**

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's Motion for Leave to Amend Plaintiff's Second Amended Complaint and Jury Demand (the "Motion"), filed September 7, 2023. (Doc. 23.) For the reasons set forth below, the Motion is due to be denied.

**I. BACKGROUND**

On October 14, 2022, Dr. Diane Vanhorne-Padilla ("Plaintiff") initiated this action against her former employer, Florida Hospital Medical Group, Inc. (hereinafter "Defendant" or "AdventHealth"), alleging one cause of action for Family Medical Leave Act ("FMLA") interference and retaliation. (Doc. 1 at 7–9.) On November 2, 2022, Plaintiff timely filed her Amended Complaint separating her FMLA claim into two counts: one for interference and one for retaliation. (Doc. 9 at 7–12.) Subsequently, Plaintiff retained J. Eric Jones to represent her in this matter, and on March 29, 2023, the Court allowed her previous attorney to withdraw. (Docs. 21, 22.)

On September 17, 2023, Plaintiff filed the instant Motion, which is untimely under the Case Management and Scheduling Order, as the deadline to amend pleadings and add parties was February 9, 2023. (Docs. 19, 23.) Plaintiff proposes to amend her Amended Complaint to add Ryan Nolan, Miriam Murray, and Elizabeth Coombs-Doster as Defendants. (*Id.* at 19–20.) Additionally, Plaintiff proposes to add state law claims for unlawful retaliation, breach of contract, tortious interference, and intentional infliction of emotional distress pursuant to the Court's supplemental jurisdiction. (*Id.* at 43–57.) Defendant timely filed its Response in opposition to the Motion on October 2, 2023. (Doc. 24.) The Motion is now ripe for review.

## II.   STANDARD

Scheduling orders must "limit the time to join other parties, amend the pleadings, complete discovery, and file motions. . . . A schedul[ing] order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3)(A), (b)(4). In determining whether to grant a motion for leave after the scheduling order's deadline the court undertakes a two-step analysis. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

First, the court must determine whether the movant demonstrated "good cause" under Rule 16(b). Good cause exists when the deadline could not be met despite the diligence of the party seeking the extension. *See id*; *see also* Fed R. Civ. P. 16(b) advisory committee's note to 1983 amendment. To determine diligence of the party seeking the extension, the court may consider three factors: 1) whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the

discovery period; 2) whether the information supporting the proposed amendment was available to the plaintiff; and 3) whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend. *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002); *see also Sosa*, 133 F.3d at 1419.

Second, if the movant demonstrates good cause under Rule 16(b), the court may then proceed to the second step, which requires the court to apply the Rule 15(a) standard. *Sosa*, 133 F.3d at 1419. Rule 15(a) requires that leave to amend "be freely given when justice so requires." Fed R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In deciding whether to grant a party leave to amend a pleading the court may consider factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv. Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman*, 371 U.S. at 182). Although generally the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial. *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578–79 (11th Cir. 1991).

### III.  DISCUSSION

In the Motion, Plaintiff improperly relies on the Rule 15(a) factors in making her argument without first addressing why good cause exists to excuse Plaintiff's failure to amend the Amended Complaint before the February 9, 2023, deadline as

required. (Doc. 23.) Furthermore, Plaintiff's counsel does not explain why he did not move for an extension of the deadline to amend the pleadings and add parties. Nonetheless, the Court will now analyze the diligence factors to determine whether good cause exists under Rule 16(b).

Considering the first and second factors—whether the plaintiff failed to ascertain facts prior to filing the complaint or failed to acquire information during the discovery period, and whether the information supporting the proposed amendment was available—Plaintiff does not explain why she did not include the parties she now seeks to add in her original or amended complaint. (Doc. 23.) Ryan Nolan, Miriam Murray, and Elizabeth Coombs-Doster all were employed by Defendant, and the conduct Plaintiff now alleges these individuals undertook—tortious interference with her contractual employment relationship with Defendant—was known and available to her before she ever filed a complaint. (*Id*. at 16–20.) In fact, Plaintiff's Amended Complaint contains allegations regarding each of these individuals. (*See* Doc. 9 at ¶¶ 12–29) ("Plaintiff told . . . Ryan Nolan and Supervisor Tricia Miller that she needed to take FMLA leave starting in July 2021. . . . Plaintiff also requested that Defendant ADVENTHEALTH provide her with help finding coverage for her time away from the office. Mr. Nolan declined . . . . Employee Relations Senior Specialist, Elizabeth Coombs-Doster, invited Plaintiff to a meeting with Regional Corporate Responsibility Officer, Miriam Murray. Later that day, less than two weeks after Plaintiff returned from her FMLA protected leave, Plaintiff met with Ms. Murray and was accused of not seeing an unnamed patient[.]").

As for the proposed new claims for unlawful employment retaliation and breach of contract against AdventHealth, and intentional infliction of emotional distress against AdventHealth and all proposed additional defendants, Plaintiff once again fails to articulate why these claims were not brought at the outset of this lawsuit, as the facts set forth in Plaintiff's proposed Second Amended Complaint existed before the lawsuit commenced. (Docs. 9, 23.) For example, Plaintiff now seeks to allege that AdventHealth breached its contract with Plaintiff by retaliating against Plaintiff for taking FMLA leave, terminating her before her renewal period ended, and choosing not to renew her contract without the benefit of due process. (Doc. 23 at 36 ¶ 190.) Yet, Plaintiff alleges in her original and Amended Complaint that she was terminated on September 27, 2021, in retaliation for taking protected FMLA leave and to avoid accommodating her request for FMLA leave in the future. (*See* Docs. 1 ¶ 26, 9 ¶ 46.) Plaintiff's original complaint was filed a year after her termination on October 14, 2022. Thus, the Court does not take at face value Plaintiff's argument that the amendment of Plaintiff's Amended Complaint is ripe based on some unidentified "recently produced business records." (Doc. 23 at 2.) Therefore, the Court finds the first two factors weigh against finding good cause.

The final good cause factor is whether, even after acquiring the information, the plaintiff delayed in requesting leave to amend. *Lord*, 223 F. Supp. 2d at 1277. Plaintiff's counsel does not explain why he delayed in requesting leave to amend, or an extension of the deadline to amend pleadings and add parties. Recognizing that Plaintiff's counsel first appeared on March 29, 2023, over a month after the February 9, 2023,

deadline to amend pleadings and add parties (Doc. 22), Plaintiff's counsel nevertheless told AdventHealth's counsel as early as April 7, 2023, that he intended to file a motion to amend Plaintiff's Amended Complaint. (Doc. 24-1 at 3.) ("I need more time to meet with my client next week, after the Easter Holidays, on her forthcoming Motion to Amend her Complaint[.]").

Additionally, on May 5, 2023, Plaintiff's counsel, in seeking to confer, sent AdventHealth's counsel an email containing a draft of Plaintiff's proposed Second Amended Complaint that is nearly identical to the one now proposed, and he informed defense counsel that he would file the motion on or before May 15, 2023. (Doc. 24-2 at 3–63.) ("Pursuant to my earlier e-mail conversation(s) with you, attached please find Dr. Padilla's (Draft Amended Complaint and Jury Demand) that will be filed along with her Motion to Amend **on or before May 15, 2023.**") Yet, Plaintiff's counsel did not file the motion until September 17, 2023, and he does not provide an explanation for this delay. (Doc. 24). Therefore, the Court finds the third factor weighs against finding good cause.

Accordingly, Plaintiff has failed to meet her burden under Rule 16(b), and the Motion is due to be denied on this basis alone. Moreover, even if Plaintiff had met her burden under Rule 16(b), the Motion would still be denied under Rule 15(a) because, on the record before the Court, Plaintiff unduly delayed in seeking leave to amend.

## IV.   CONCLUSION

Accordingly, upon consideration of the record, the Motion, and Defendant's Response, Plaintiff's Motion for Leave to Amend Plaintiff's Second Amended Complaint and Jury Demand (Doc. 23) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE